**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Isaac Barlow, ) | Cr. No. 3:01-363 |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Isaac Barlow ("Movant"), proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. PROCEDURAL BACKGROUND

Movant was a co-defendant named in a three-count indictment issued on May 2, 2001. ECF No. 20. Movant was charged with knowingly and intentionally conspiring to possess with intent to distribute five kilograms or more of cocaine (Count 1); and knowingly possessing with intent to distribute between five hundred grams and five kilograms of cocaine after having been convicted of a felony drug offense (Count 2). ECF No. 20. On May 16, 2001, Movant entered a plea of not guilty to Count 1 and Count 2 during his arraignment before Magistrate Judge Bristow Marchant. ECF No. 22. On October 1, 2001, after a six-day trial, the jury found Movant guilty on Count 1 and Count 2. ECF No. 85. Subsequently, on May 29, 2002, Movant was sentenced to 480 months of incarceration on each count followed by five years of supervised release as to Count 1 and four years of supervised release as to Count 2, both the period of incarceration and term of supervised release to run concurrently. ECF No. 110. Movant appealed his conviction and sentence. ECF No. 111. On March 4, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence. *United States v. Barlow*, 59 F. App'x 535 (4th Cir. 2003).

On June 7, 2004, Movant filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and prosecutorial misconduct. *Barlow v. United States*, No. 3:04-cv-01795, ECF No. 1. District Court Judge Dennis Shedd denied Movant's motion, and granted the Government's motion for summary judgment. *Id.* at ECF No. 17. Movant filed an appeal. *Id.* at ECF No. 20. The Fourth Circuit dismissed Movant's appeal. *United States v. Barlow*, 267 F. App'x 304 (4th Cir. 2008).

On June 24, 2014, Movant filed a motion to vacate his sentence pursuant to an "Actual Innocence Exception." ECF No. 158. Subsequently, the court issued an order construing Movant's motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 160. Pursuant to the court's order, the clerk of court re-filed Movant's motion as a § 2255 on May 7, 2015, but Movant was granted the benefit of a filing date of June 18, 2014, pursuant to *Houston v. Lack*, 487 U.S. 266 (1988). ECF Nos. 160-61. On June 1, 2015, the Government filed a motion to dismiss. ECF No. 165. That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No. 166. Movant did not file a response.

## II. DISCUSSION

Movant asserts that pursuant to *Sawyer v. Whitley*, 505 U.S. 333 (1992), he is permitted to file a successive, time-barred § 2255 because he is actually innocent of the crimes for which he was convicted. Specifically, Movant asserts that no rational trier of fact could have found the essential elements of the charged conspiracy beyond a reasonable doubt. ECF No. 158 at 3. Movant also asserts that the trial court erred in failing to instruct the jury on the distinction between a buyer-seller

relationship and a conspiracy. The Government contends that Movant's § 2255 motion should be dismissed because Movant failed to secure permission to file a successive motion to vacate. The Government also contends that Movant's § 2255 motion is time-barred. ECF No. 175. The court agrees.

As a threshold matter, "the Supreme Court has recognized a limited 'actual innocence' exception to certain procedural bars to habeas review." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court determined that "a convincing showing of actual innocence enable[s] habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims." *Id.* at 1928. However, petitions that advance a substantial claim of actual innocence are rare, and the exception can only apply where the movant shows that it is more likely than not that no reasonable juror would have convicted him in light of new evidence. *Jones*, 758 F.3d at 583. Here, Movant has not put forth any new evidence to show that no reasonable juror would have convicted him. Movant merely continues to raise arguments regarding jury instructions that could have been raised previously on appeal. Thus, Movant's claim of actual innocence is not meritorious, and cannot overcome the procedural bars to this court's consideration of the merits of his motion.

First, a successive motion filed under § 2255 must be certified by a panel in the appropriate court of appeals. 28 U.S.C. § 2255(h). A defendant is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Once the motion is filed, a three-judge panel in the appropriate appeals court has thirty days to grant or deny the authorization. *Id.* at § 2244 (b)(3)(C)-(D). The denial of the authorization is not appealable and cannot be the subject for petition for writ of certiorari. *Id.*

at § 2244 (b)(3)(E). Movant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second motion pursuant to § 2255 in this court. Thus, the Fourth Circuit has not issued an order authorizing this court to consider Movant's successive motion. As a result, this court is without jurisdiction to consider Movant's motion to vacate.

Second, a defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the Fourth Circuit issued its mandate and judgment in this case on March 4, 2003. The statute of limitations began to run when the time expired for filing a petition for certiorari with the United States Supreme Court contesting the Fourth Circuit's affirmation of Movant's convictions and sentence. The statute of limitations expired on or about June 4, 2003; thus, Movant's June 18, 2014, filing was not within one year of the date on which his judgment of conviction became final. Therefore, his motion to vacate is not timely under § 2255(f)(1).

Movant is unable to demonstrate that one of the other dates listed under § 2255(f) occurred within one year of his June 24, 2014, filing. There is no evidence that Movant was prevented from

4

filing a § 2255 motion because of any governmental interference. *See* 28 U.S.C. § 2255(f)(2). Movant is also unable to demonstrate that there is a Supreme Court case recognizing a new right that might render his motion to vacate timely pursuant to § 2255(f)(3).

Finally, the court does not find that Movant's untimely filing is saved by the doctrine of equitable tolling. An otherwise time-barred movant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has cited no extraordinary circumstance that explains his untimely § 2255 motion. *See Whiteside v. United States,* 775 F.3d 180, 186 (4th Cir. 2014) (concluding that where "the only impediment to timely filing was the discouragement felt by petitioner when calculating the odds of success" in the pre-*Simmons* legal landscape equitable tolling was unavailable). Movant has filed post-conviction motions and appeals in the years following his initial sentence in this court, including a prior motion pursuant to §2255. There is no indication that an extraordinary circumstance prevented Movant from filing a timely motion to vacate.

Accordingly, Movant's § 2255 motion is time-barred.

### III. CONCLUSION

For these reasons, Movant's motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF Nos. 158, 161, are **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Government's motion to dismiss, ECF No. 165, is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 12, 2016